H. VAN RENSSELAER KENNEDY, Appellant, *v.* MIFFLIN KENNEDY, FREDERIC P. OLCOTT and Others, Respondents.

*Railway reorganization — change in plan — withdrawal of bonds deposited — injunction against the reorganization committee.*

A railway reorganization agreement provided that the reorganization committee might make changes in the plan of reorganization, and that, on a change being made, any person who had deposited securities under the original agreement might withdraw them on paying his share of the expenses theretofore incurred in carrying out the agreement.

A change having been made by the committee in the plan of reorganization, a bondholder who had deposited his bonds, with a transfer of the legal title, under the original agreement, refused to accept the change and demanded a return of his bonds, which was refused unless he paid his *pro rata* share of the expenses incurred up to that date; and there being a question between the parties as to how much he should pay, he brought an action against the committee to recover his bonds on payment of his *pro rata* share of expenses incurred, and asked that the defendants be restrained from dealing with the bonds deposited by him.

*Held,* that the plaintiff was entitled to an injunction *pendente lite.*

APPEAL by the plaintiff, H. Van Rensselaer Kennedy, from an order made at the New York Special Term of the Supreme Court at Chambers, and entered in the office of the clerk of the city and county of New York on the 16th day of March, 1892, denying a motion to continue a preliminary injunction,

"Either upon the giving and filing, within ten days after entry and service of this order, of an undertaking by or on behalf of the said defendants, in the amount of ten thousand dollars, to be approved as to form and sufficiency of sureties by a justice of this

First Department, June Term, 1893.          [Vol. 70.

court, conditioned for the payment by the defendants herein, Frederic P. Olcott, Joseph Wharton, Henry Budge, Frederic Cromwell, J. Kennedy Tod, Alfred S. Heidelbach, Eric P. Swenson and the Central Trust Company of New York, to this plaintiff, of any damage sustained or that may be sustained by him, said plaintiff, through or by reason of the misappropriation by the said defendants or by any of them, of plaintiff's equity in the bonds deposited by him, or of any part thereof, if any such misappropriation shall ultimately be adjudged in this action; or, upon the giving and filing by the plaintiff herein, within ten days after entry and service of this order, of an undertaking in the sum of sixty thou-. sand dollars, to be approved as to form and sufficiency of sureties by a justice of this court, conditioned for the payment by the plaintiff of such sum as may be decreed by the court, upon the trial of this action, as the amount properly chargeable and assessable to the plaintiff and due from him to the defendants, or to any of them, upon the return to him of said bonds, upon or in respect to the bonds deposited by plaintiff under the plan of reorganization of the San Antonio and Aransas Pass Railway Company, bearing date March 2d, 1891, according to the terms and conditions of the said plan." In case the last-mentioned undertaking was given, the bonds were to be returned to the plaintiff.

*George Zabriskie* and *Charles J. Hardy,* for the appellant.

*William Allen Butler,* for the respondents.

Follett, J. :

The San Antonio and Aransas Pass Railway Company is a corporation of the State of Texas. On July 1, 1886, the corporation mortgaged its property to a trustee to secure the payment of ten thousand bonds of the denomination of $1,000 each, with interest at six per cent per annum, payable on the first days of January and July in every year until July 1, 1926, when the principal becomes due.

The plaintiff is the owner of 120 of these bonds. In July, 1890, the corporation made default in the payment of part of the interest on these bonds, and has paid none of the interest which has become due since July 1, 1890. In the month last mentioned, a receiver was appointed for the corporation on a judgment which is asserted to be a lien prior to the mortgage. On the 2d day of March, 1891,

a contract was entered into between Mifflin Kennedy, party of the first part, and such of the share and bondholders of the corporation as should join therein and comply with its terms, as party of the second part, and Frederic P. Olcott, Joseph Wharton, Henry Budge, Frederic Cromwell, J. Kennedy Tod, Alfred S. Heidelbach and Eric P. Swenson, a committee of the share and bondholders of the corporation, parties of the third part. The purpose of the contract was to effect a reorganization of the corporation and to issue new securities to the various classes of its creditors according to a scheme set forth in the contract which is called a reorganization agreement, and the parties of the third part, a reorganization committee. The contract provides that the bond and shareholders, who elect to become parties to the contract, shall transfer the legal title to their shares and bonds and deliver the securities to the Central Trust Company of New York. Among other provisions, the reorganization agreement contains the following :

"*Fourteenth.* That the committee are vested with full power and authority to do any and all acts and things necessary and proper in their judgment to be done in order to carry out this plan of reorganization, including the power from time to time to make such changes in the same as they may consider necessary or expedient; provided, that no alteration or modification shall be made by the committee involving the acceptance by them, after reorganization for distribution as hereinbefore provided, of any less amount or inferior quality of bonds or stock than are described herein.

"Publication daily for twenty days in such newspaper or newspapers published in the city of New York, as the committee may designate, of any alteration or modification, shall be notice thereof to all parties to this agreement, and within two weeks after the last day of such advertisement any party to this agreement may withdraw his securities on surrender of his certificate of deposit and payment of his share of expense theretofore incurred in carrying out this agreement, and parties not so withdrawing shall be deemed to have assented to such alteration or modification.

"In the event of this agreement not becoming binding, or not being consummated through the purchase of the property by the committee of reorganization, or through the rehabilitation of the now existing company, then the committee shall return to the

several depositors their respective bonds, coupons, or stocks so deposited upon the payment of all advances paid and expenses incurred by the committee including their remuneration, and upon the surrender of the certificates issued on the deposit of the same."

The plaintiff transferred his bonds and the unpaid coupons annexed to the Central Trust Company, receiving therefor certificates stating that the bonds were deposited under the agreement of March 2, 1891, and " that the holder hereof assents to said agreement by receiving this certificate." By the reorganization agreement the committee was authorized to complete the Waco line and the Buffalo Bayou extension, and to do various other acts involving the expenditure of large sums of money, for which the bonds and shares transferred to the trust company were to be held as security. The committee completed the " Waco line " and expended large sums of money, the amount of which and for what purposes need not here be stated.

On the 14th of December, 1892, the reorganization committee modified the scheme contained in the contract of March 2, 1891, so that the bondholders of plaintiff's class should receive for each bond a new one for $1,000, bearing four per cent interest, instead of like bonds bearing five per cent interest as provided by the original reorganization contract. The plaintiff refused to accept of the terms of the modified agreement and demanded a return of his bonds, which the committee declined to deliver, unless the plaintiff paid his *pro rata* share of the expenses incurred under the reorganization agreement up to that date, which are asserted to be about fifty per cent of the face value of the bonds. The plaintiff brought this action to recover his bonds on payment by him of his *pro rata* share of expenses incurred, and asks that the defendants be restrained from dealing with the bonds so deposited by him.

The only disputed question of fact between the parties seems to be over the question how much the plaintiff should pay in order to secure a return of his bonds. That he is not bound to assent to the terms of the modified agreement, is clear, it being so expressly provided, and it seems to us equally clear that after the plaintiff gave his notice that he wished to withdraw his bonds, the reorganization committee could not thereafter, in execution of the modified plan, create any further lien or charge upon them. Their right is limited

to holding them as security for such expenses and advances as had been then made under the original reorganization agreement, and they clearly have no right to sell, transfer or dispose of these bonds in any way, for the purposes of carrying into effect the modified agreement to which the plaintiff has not assented.

The plaintiff does not seek an injunction restraining the action of the committtte under either agreement, nor in respect to any securities other than his own, and we are unable to see why he is not entitled to this relief.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion for an injunction granted, with ten dollars costs, upon the plaintiff's giving an undertaking to the effect that he will pay to the parties enjoined such damages, not exceeding $10,000, as may be sustained, as provided by section 620 of the Code of Civil Procedure.

Van Brunt, P. J., concurred in result.

Order reversed, with ten dollars costs and printing disbursements, and the motion for an injunction granted, with ten dollars costs, upon plaintiff's complying with directions stated in opinion.